Filed 12/31/14  P. v. Hunt CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>JUSTIN SCOTT HUNT,<br><br>    Defendant and Appellant. | D065058<br><br><br>(Super. Ct. No. SCN320823;<br>                    SCN318127) |

APPEAL from a judgment of the Superior Court of San Diego County, David L. Berry, Judge.  Affirmed.

Denise M. Rudasill, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala Harris, Attorney General, for Plaintiff and Respondent.

Justin Scott Hunt pleaded guilty to burglary of an inhabited dwelling home (Pen. Code,[1] §§ 459, 460) and admitted that in the commission of the crime, a person other than an accomplice was present in the residence.  (§ 667.5, subd. (c)(21).)  He also

---

[1]    All statutory references are to the Penal Code.

admitted an allegation that he had suffered a serious felony prior and a strike prior within the meaning of the "Three Strikes" law.  (§§ 211; 667, subds. (b)-(i); 1170.12.)  In exchange, the People dismissed another burglary charge and allegations regarding other prison priors.  His plea form stated he agreed to a sentencing range of between nine and thirteen years.

The court recalled Hunt's previous robbery sentence in order to aggregate both sentences.  It sentenced him to twelve years eight months in prison as follows: two years eight months on the underlying burglary; and consecutive terms of four years on his prior robbery conviction; five years on his serious felony prior under section 667, subdivision (a)(1); and one year for the prison prior.

## DISCUSSION

There are no relevant facts to discuss in this appeal.  Appellate counsel presents no argument for reversal of the trial court's order, but asks this court to review the record for error as mandated by *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) and *Anders v. California* (1967) 386 U.S. 738 (*Anders*), raising this possible but not arguable appellate issue:  "Whether the trial court erred by finding that the one-year prior prison enhancement would be added to the sentence full strength at the end of the sentence even if it had made the case it was attached to the subordinate term instead of finding that it should be reduced to one-third the mid term if it had made the case it was attached to the subordinate term."

We offered Hunt the opportunity to file his own brief on appeal and he not has done so.

2

We have reviewed the entire record in accordance with *Wende, supra,* 25 Cal.3d 436 and *Anders, supra,* 386 U.S. 738, and have not found any arguable appellate issue. Competent counsel has represented Hunt on this appeal.

DISPOSITION

The judgment is affirmed.

O'ROURKE, J.

WE CONCUR:

McCONNELL, P. J.

McINTYRE, J.

3